UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM SIM SPENCER,                               No. 05-72057

    Plaintiff,                                   District Judge Arthur J. Tarnow

-vs-                                                Magistrate Judge R. Steven Whalen

SOCIAL SECURITY ADMINISTRATION,

    Defendant.
_____/

**REPORT AND RECOMMENDATION**

Plaintiff William Sim Spencer has filed a civil complaint seeking "terminate his Social Security Agreement" and obtain a refund of all money paid by him into the Social Security system by way of payroll taxes and/or otherwise. Because the Complaint is frivolous, I recommend that it be dismissed *sua sponte* pursuant to 28 U.S.C. §1915(e).[1]

**I.  FACTS**

Plaintiff is a prison inmate in the custody of the Michigan Department of Corrections, and claims to have "filed numerous civil complaints over the years."

---

[1] Plaintiff's original Complaint appears to have been brought under the Federal Tort Claims act and the Michigan Consumer Protection Act. On August 9, 2005, Plaintiff filed a motion for leave to amend his Complaint as to the names of the relevant parties (adding the Social Security Administration and Annie White) and the jurisdictional basis of Complaint. He did not propose to amend his substantive factual and legal allegations. Plaintiff did not file a proposed amended Complaint, so it is unclear what jurisdictional basis he now claims. However, for purposes of this Report and Recommendation it does not matter, because his substantive arguments are totally devoid of merit.

-1-

*Complaint*, ¶3.  On November 3, 2004, he wrote a letter to the Social Security Administration "demanding the termination of Social Security Agreement No. [Plaintiff's Social Security Number] and a full refund of all monies ever paid by Plaintiff to Social Security Administration."  *Id.*, ¶5; Plaintiff's Exhibit A.  In his letter, Plaintiff cited 20 C.F.R. §404.1905 as well as M.C.L. §440.1103.  *Id.*

On December 10, 2004, Annie White of the Social Security Administration[2] wrote to Plaintiff, explaining that payment of Social Security taxes is mandatory, not voluntary, and that "[p]eople cannot voluntarily end their participation in the program."  As to Plaintiff's request for a refund, Ms. White wrote:

> "Similarly, people cannot withdraw the Social Security taxes that they have already paid.  Social Security taxes paid by employees and employers are not placed in individual accounts but are used to pay benefits to workers and their families today."  *Complaint*, Plaintiff's Exhibit B.

In his Complaint, Plaintiff again relies on 20 C.F.R. §404.1905 and M.C.L. §440.1103.  *Complaint*, ¶¶ 6, 10.  He also alleges, at ¶8:

> "The agreement between Social Security Administration and Plaintiff is invalid, ab initio, because the agreement was entered into before Plaintiff had reached majority age and there has never been any full disclosure at any time by Social Security Administration to Plaintiff explaining Plaintiff's rights, duties, obligations and remedies to the agreement."

Finally, Plaintiff claims that he "has never been publicly employed 'within the United States.'" *Id.* ¶9.

On June 3, 2005, the Court granted Plaintiff's application to proceed *in forma*

---

[2] Ms. White is an Associate Commissioner in the Office of Public Inquiries.

*pauperis* (IFP), pursuant to 28 U.S.C. §1915.

## II.   STANDARD OF REVIEW

As an IFP filing, this Complaint is subject to screening under 28 U.S.C. §1915(e)(2)(B), which provides that "the court *shall* dismiss the case at any time if the court determines that the action or appeal (i) is frivolous or malicious; or (ii) fails to state a claim on which relief maybe granted." (Emphasis added).  A case is frivolous if it lacks arguable basis in either law or fact.  *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

## III.   ANALYSIS

Plaintiff relies on 20 C.F.R. §404.1905, titled "Subpart T–Totalization Agreements, General Provisions," and which states as follows:

> "§ 404.1905 Termination of agreements.
>
> Each agreement shall contain provisions for its possible termination. If an agreement is terminated, entitlement to benefits and coverage acquired by an individual before termination shall be retained. The agreement shall provide for notification of termination to the other party and the effective date of termination."

Plaintiff completely misconstrues this regulation as somehow contemplating private agreements or contracts between individuals and the Social Security Administration.  On the contrary, this provision applies specifically to "Totalization Agreements" authorized by 42 U.S.C. §433.  These are agreements between the United States and foreign governments "for the purposes of establishing entitlement to and the

amount of old age, survivors, disability, or derivative benefits based on a combination of an individual's periods of coverage under the social security system established by this subchapter and the social security system of such foreign country." 42 U.S.C. §433(a); *Georgiou v. Apfel*, 242 F.3d 374, 2000 WL 1694065 (8th Cir. 2000). Neither the regulation nor the statute has anything to do with agreements between the Social Security Administration and individuals.

Further, M.C.L. §440.1103 deals with supplementary principles of law applicable to the Uniform Commercial Code (UCC). It addresses commercial contracts, and has no applicability to Social Security taxes.

Underlying this Complaint appears to be the Plaintiff's belief that payment into the Social Security System is either voluntary or a matter of contract, and that the federal government has limited authority, if any, into his affairs.[3] However, as Ms. White explained in her letter to the Plaintiff, the money withheld from his wages is a *tax*, and the government's right to collect that tax as a percentage of one's wages has long been held to be constitutional. *See, e.g., Helvering v. Davis*, 301 U.S. 619, 57 S.Ct. 904, 81 L.Ed. 1307 (1937); *A-T-O, Inc. v. Pension Ben. Guaranty Corp.*, 634 F.2d 1013, 1025, fn.13 (6th Cir. 1980).

Plaintiff's claims are among an array of shopworn and quixotic arguments, having

---

[3] At ¶3 of the Complaint, Plaintiff describes himself as being domiciled "in the Republic of Michigan."

currency among so-called "tax protestors," but without any support in the law. *See, e.g., United States v. Mundt*, 29 F.3d 233, 237 (6th Cir. 1994) (finding this type of argument "completely without merit and patently frivolous"). Because this Complaint has no arguable basis in either law or fact, it is, by definition, frivolous, and should be dismissed *sua sponte* pursuant to 28 U.S.C. §1915(e)(2)(B).[4]

## IV. CONCLUSION

For these reasons, I recommend that Plaintiff's Complaint be DISMISSED WITH PREJUDICE as frivolous.

Any objections to this Report and Recommendation must be filed within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.CT. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to

---

[4] Even apart from §1915, which applies to IFP cases, a patently frivolous case divests the Court of subject matter jurisdiction, rendering it subject to dismissal under Fed.R.Civ.P. 12(b)(1). *See Higgins v. Lavine*, 415 U.S. 528, 536-37, 94 S.Ct. 1372, 39 L.Ed.2d 577 (1974).

E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

                                           s/R. Steven Whalen
                                           R. STEVEN WHALEN
                                           UNITED STATES MAGISTRATE JUDGE

Dated: December 20, 2005

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on December 20, 2005.

                                           s/Susan Jefferson
                                           Case Manager

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM SIM SPENCER,  No. 05-72057

    Plaintiff,  District Judge Arthur J. Tarnow

-vs-  Magistrate Judge R. Steven Whalen

SOCIAL SECURITY ADMINISTRATION,

    Defendant.
                                             /

**REPORT AND RECOMMENDATION**

Plaintiff William Sim Spencer has filed a civil complaint seeking "terminate his Social Security Agreement" and obtain a refund of all money paid by him into the Social Security system by way of payroll taxes and/or otherwise. Because the Complaint is frivolous, I recommend that it be dismissed *sua sponte* pursuant to 28 U.S.C. §1915(e).[1]

**I.   FACTS**

Plaintiff is a prison inmate in the custody of the Michigan Department of Corrections, and claims to have "filed numerous civil complaints over the years."

---

[1] Plaintiff's original Complaint appears to have been brought under the Federal Tort Claims act and the Michigan Consumer Protection Act. On August 9, 2005, Plaintiff filed a motion for leave to amend his Complaint as to the names of the relevant parties (adding the Social Security Administration and Annie White) and the jurisdictional basis of Complaint. He did not propose to amend his substantive factual and legal allegations. Plaintiff did not file a proposed amended Complaint, so it is unclear what jurisdictional basis he now claims. However, for purposes of this Report and Recommendation it does not matter, because his substantive arguments are totally devoid of merit.

*Complaint*, ¶3.  On November 3, 2004, he wrote a letter to the Social Security Administration "demanding the termination of Social Security Agreement No. [Plaintiff's Social Security Number] and a full refund of all monies ever paid by Plaintiff to Social Security Administration."  *Id.*, ¶5; Plaintiff's Exhibit A.  In his letter, Plaintiff cited 20 C.F.R. §404.1905 as well as M.C.L. §440.1103.  *Id.*

On December 10, 2004, Annie White of the Social Security Administration[2] wrote to Plaintiff, explaining that payment of Social Security taxes is mandatory, not voluntary, and that "[p]eople cannot voluntarily end their participation in the program."  As to Plaintiff's request for a refund, Ms. White wrote:

> "Similarly, people cannot withdraw the Social Security taxes that they have already paid.  Social Security taxes paid by employees and employers are not placed in individual accounts but are used to pay benefits to workers and their families today."  *Complaint*, Plaintiff's Exhibit B.

In his Complaint, Plaintiff again relies on 20 C.F.R. §404.1905 and M.C.L. §440.1103.  *Complaint*, ¶¶ 6, 10.  He also alleges, at ¶8:

> "The agreement between Social Security Administration and Plaintiff is invalid, ab initio, because the agreement was entered into before Plaintiff had reached majority age and there has never been any full disclosure at any time by Social Security Administration to Plaintiff explaining Plaintiff's rights, duties, obligations and remedies to the agreement."

Finally, Plaintiff claims that he "has never been publicly employed 'within the United States.'" *Id.* ¶9.

On June 3, 2005, the Court granted Plaintiff's application to proceed *in forma*

---

[2] Ms. White is an Associate Commissioner in the Office of Public Inquiries.

*pauperis* (IFP), pursuant to 28 U.S.C. §1915.

## II.   STANDARD OF REVIEW

As an IFP filing, this Complaint is subject to screening under 28 U.S.C. §1915(e)(2)(B), which provides that "the court *shall* dismiss the case at any time if the court determines that the action or appeal (i) is frivolous or malicious; or (ii) fails to state a claim on which relief maybe granted." (Emphasis added). A case is frivolous if it lacks arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

## III.   ANALYSIS

Plaintiff relies on 20 C.F.R. §404.1905, titled "Subpart T–Totalization Agreements, General Provisions," and which states as follows:

> "§ 404.1905 Termination of agreements.
>
> Each agreement shall contain provisions for its possible termination. If an agreement is terminated, entitlement to benefits and coverage acquired by an individual before termination shall be retained. The agreement shall provide for notification of termination to the other party and the effective date of termination."

Plaintiff completely misconstrues this regulation as somehow contemplating private agreements or contracts between individuals and the Social Security Administration. On the contrary, this provision applies specifically to "Totalization Agreements" authorized by 42 U.S.C. §433. These are agreements between the United States and foreign governments "for the purposes of establishing entitlement to and the

amount of old age, survivors, disability, or derivative benefits based on a combination of an individual's periods of coverage under the social security system established by this subchapter and the social security system of such foreign country." 42 U.S.C. §433(a); *Georgiou v. Apfel*, 242 F.3d 374, 2000 WL 1694065 (8th Cir. 2000). Neither the regulation nor the statute has anything to do with agreements between the Social Security Administration and individuals.

Further, M.C.L. §440.1103 deals with supplementary principles of law applicable to the Uniform Commercial Code (UCC). It addresses commercial contracts, and has no applicability to Social Security taxes.

Underlying this Complaint appears to be the Plaintiff's belief that payment into the Social Security System is either voluntary or a matter of contract, and that the federal government has limited authority, if any, into his affairs.[3] However, as Ms. White explained in her letter to the Plaintiff, the money withheld from his wages is a *tax*, and the government's right to collect that tax as a percentage of one's wages has long been held to be constitutional. *See, e.g., Helvering v. Davis*, 301 U.S. 619, 57 S.Ct. 904, 81 L.Ed. 1307 (1937); *A-T-O, Inc. v. Pension Ben. Guaranty Corp.*, 634 F.2d 1013, 1025, fn.13 (6th Cir. 1980).

Plaintiff's claims are among an array of shopworn and quixotic arguments, having

---

[3] At ¶3 of the Complaint, Plaintiff describes himself as being domiciled "in the Republic of Michigan."

currency among so-called "tax protestors," but without any support in the law. *See, e.g., United States v. Mundt*, 29 F.3d 233, 237 (6th Cir. 1994) (finding this type of argument "completely without merit and patently frivolous"). Because this Complaint has no arguable basis in either law or fact, it is, by definition, frivolous, and should be dismissed *sua sponte* pursuant to 28 U.S.C. §1915(e)(2)(B).[4]

### IV.   CONCLUSION

For these reasons, I recommend that Plaintiff's Complaint be DISMISSED WITH PREJUDICE as frivolous.

Any objections to this Report and Recommendation must be filed within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.CT. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to

---

[4] Even apart from §1915, which applies to IFP cases, a patently frivolous case divests the Court of subject matter jurisdiction, rendering it subject to dismissal under Fed.R.Civ.P. 12(b)(1). *See Higgins v. Lavine*, 415 U.S. 528, 536-37, 94 S.Ct. 1372, 39 L.Ed.2d 577 (1974).

E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/R. Steven Whalen<br>
R. STEVEN WHALEN<br>
UNITED STATES MAGISTRATE JUDGE

Dated: December 20, 2005

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on December 20, 2005.

s/Susan Jefferson<br>
Case Manager